UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TERRY PATRICK WAYNE, # 168363, a/k/a TERRANCE WAYNE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DANIEL HEYNS, | ) ) |
| Defendant. | ) ) ) |

Case No. 1:13-cv-1308

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. On September 15, 2013, plaintiff received a "weapon major misconduct" while he was an inmate at the Saginaw Correctional Facility (SRF). As a consequence of his misconduct conviction, under Michigan Department of Corrections Policy Directive 04.02.120, plaintiff lost his eligibility for certain benefits that are enjoyed by indigent prisoners. On December 6, 2013, plaintiff filed this lawsuit. He named MDOC Director Daniel Heyns as the defendant and alleges that the MDOC's Policy Directive (P.D. 04.02.120) violates his First, Eighth, and Fourteenth Amendment rights. (Compl. at Page ID 6).[1] Plaintiff sues defendant in his individual and official capacities. (*Id.* at Page ID 2, 7).

Plaintiff alleges that on November 21, 2013, MDOC employees at the Oaks Correctional Facility (ECF) informed him that, under the aforementioned policy directive, he would not be

---

[1] Plaintiff did not number the pages of his complaint in a coherent fashion. For example, there are at least three pages labeled as page 1. Page ID numbers are used herein to avoid confusion.

eligible for the benefits of indigent status until September 14, 2014. (*Id.* at Page ID 7). Plaintiff states that he continued to receive postage to send papers to courts. (*Id.* at 8). In November 2013, he was denied an indigent postage loan. (*Id.*). Plaintiff alleges that the denial of a loan to send correspondence to his family and friends violates his First Amendment rights. (*Id.* at Page ID 9). Plaintiff alleges that the policy directive violates his Fourteenth Amendment rights under the Equal Protection Clause because other prisoners with weapons misconducts who are more "financially blessed" can use their own money to purchase items from the prison's store or to purchase postage to send out their "regular mail." (*Id.* at Page ID 9-10). Plaintiff alleges that Director Heyns has violated his Eighth Amendment rights by not providing him with the following products: aspirin, cocoa butter cream, ibuprofen, antibacterial soap, dandruff shampoo, Aqua Fresh Sensitive Toothpaste, petroleum jelly, hydrocortisone cream, vitamins, shower shoes, etc. (*Id.* at Page ID 8). Plaintiff seeks an award of damages and declaratory and injunctive relief. (*Id.* at Page ID 11-13).

The matter is before the court on defendant's motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 8). Plaintiff has filed his response. (docket #s 12, 14). For the reasons set forth herein, I recommend that all plaintiff's claims for damages against defendant Heyns in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that all other claims be dismissed with prejudice for failure to state a claim upon which relief can be granted.[2] Alternatively, I recommend

---

[2] The recommendations for dismissal for failure to state a claim and for dismissal because defendant is entitled to immunity are made under statutory authority. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), and 42 U.S.C. § 1997e(c).
  The record suggests that plaintiff's request for an injunction ordering immediate reinstatement to indigent status is moot. Plaintiff alleged that his misconduct conviction rendered him ineligible for indigent status "until 9-14-14." (Compl. at Page ID 7). That date has passed. Nothing in the record indicates that plaintiff's ineligibility for indigent status was extended.

that defendant's motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a) be granted and that plaintiff's claims be dismissed without prejudice.

## Discussion

### I.     Eleventh Amendment Immunity

Plaintiff's claim for damages against defendant Heyns in his official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant is entitled to dismissal with prejudice of plaintiff's claims for monetary damages against him in his official capacity.

### II.    Failure to State A Claim

The court is required to dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). I recommend that all plaintiff's claims against defendant be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff seeks an award of damages against defendant in his individual capacity for "mental, emotional and psychological pain and suffering." (Compl. at Page ID 9, 12). Under the PLRA, a

prisoner may not bring a claim for emotional or mental damages absent a showing of prior physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff has failed to allege any physical injury stemming from defendant's actions; accordingly Section 1997e(e) does not permit him to bring this claim for damages.

Defendant cannot be held vicariously liable under section 1983 for the actions of his subordinates at ECF. (Compl. at Page ID 7-8). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff's claims fare no better when considered as a request for injunctive relief against Director Heyns in his official capacity. To the extent that plaintiff sues defendant Heyns for approving P.D. 04.02.120[3] (Compl. at Page ID 7), he "states a claim only it the policy is facially invalid." *DeWeese v. Michigan Dep't of Corr.*, No. 1:14-cv-386, 2014 WL 4187853, at * 5 (W.D. Mich. Aug. 22, 2014). Judge Robert J. Jonker of this court gave the following explanation why a

---

[3]Plaintiff's argument that the Sixth Circuit ruled in *Flanory v. Bonn*, 604 F.3d 249 (6th Cir. 2010) that the MDOC's policy was unconstitutional (Plf. Brief at 2, Page ID 101) cannot withstand scrutiny. Policy Directive 04.02.120 was never challenged in that lawsuit. The Court of Appeals held that prisoner Flanory had alleged an Eighth Amendment claim against a number of MDOC employees. *Id.* at 251, 256-57. Director Heyns was not among the named defendants. *Id.* at 251.

prisoner's facial challenge to this policy directive fails to state a claim upon which relief can be granted:

> In order to demonstrate that a law or policy is facially invalid, a "challenger must establish that no set of circumstances exists under which the [policy] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). MDOC Policy Directive 04.02.120 ¶ B(4) precludes a prisoner from obtaining indigent status for twelve months if he has been terminated from a work assignment as the result of misconduct. *Id.* The denial of indigent status does not, on its face, authorize or result in the denial of essential needs under the Eighth Amendment. Although a prisoner denied indigent status is not entitled to a loan to purchase hygiene items from the prison store, nothing about the denial of indigent status authorizes prison officials to withhold state-issued items, or to ignore their duty to protect a prisoner's health and safety. Indeed, another policy expressly requires prison officials to either provide personal hygiene items to prisoners or permit them to purchase such items from the prison store. See MDOC Policy Directive 03.03.130 ¶ C (effective Feb. 23, 2009) ("Prisoners shall be *provided or permitted* to purchase personal hygiene items, including soap, toothbrushes, toothpaste/toothbrushes/shaving necessities, shampoo, toilet paper, suitable comb/pick/hairbrush, deodorant, and ... sanitary napkins.") (emphasis added). Thus, if a prisoner like Plaintiff lacks hygiene supplies and is not "permitted to purchase" them from the prison store (due to lack of funds and ineligibility for an indigent loan), the policy ostensibly requires prison officials to provide them to the prisoner. *See id.* The same policy also expressly prohibits the deprivation of "hygienic necessities," except in situations not applicable to Plaintiff (*i.e.*, when the prisoner is in segregation or in a suicide observation cell). *See id.* ¶ K(2). When the foregoing policies are considered together, it is clear that the denial of indigent status does not authorize prison officials to deprive a prisoner of access to appropriate hygiene supplies. In other words, the policy challenged by Plaintiff is not facially invalid. Consequently, Plaintiff does not state an Eighth Amendment claim against Defendant Heyns in his personal capacity.

*DeWeese v. Michigan Dep't of Corr.*, 2014 WL 4187853, at * 5.

Plaintiff's claims are equally deficient when recast as facial challenges to the MDOC's policy under the First Amendment and Fourteenth Amendments. Plaintiff concedes that he has been provided with postage to maintain access to courts. (Compl. at Page ID 8). Prisoners do not have a constitutionally protected right to obtain free postage to send non-legal mail. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002); *Sango v. Lewis*, No. 1:14-cv-342 , 2014 WL 3574315, at * 6 (W.D. Mich. July 18, 2014)

(collecting cases). A more affluent prisoner's ability to use his own money to pay his own expenses for postage or items from the prison's store is not a claim of constitutional dimension.

In summary, I find that plaintiff's complaint fails to state a claim against defendant Heyns upon which relief can be granted and I recommend that this lawsuit be dismissed.

### III.     Defendant's Motion for Summary Judgment

Defendant seeks summary judgment based on the affirmative defense provided by by 42 U.S.C. §1997e(a).

#### A.     Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the

opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a  "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a

substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B. Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his

administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[4] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against

---

[4] A copy of the policy directive is found in the record. *See* docket # 9, Page ID 53-59.

whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due.

*Id.* at ¶ BB.  The respondent at Step II is designated by the policy.  The Step II respondent is generally the warden or the warden's designee.  *Id.* at ¶ DD.  If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶ FF.  The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ FF.  The Grievance and Appeals Section is the Step III respondent.  *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ S.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing."  *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process.  The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

        C.      <u>Proposed Findings of Fact</u>

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC). Plaintiff did not file any grievance against Director Heyns and pursue such a grievance through a decision at Step III of the MDOC's grievance process before filing this lawsuit. (docket # 9-3, Page ID 61-70).

On November 22, 2013, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF-13-11-2893-01i. (docket # 14-1, Page ID 108). In this grievance, plaintiff complained that Classification Director Hasky's termination of his indigent status constituted retaliation:

> Classification Director Hasky, on 11-21-13, terminated my indigent status eligibility for one (1) year up to 9-14-14, barring me from further sending regular mail out to Mr. Vett (who wants me to write him regularly) for one (1) year based on the false lie, "Wayne was charged with a weapon misconduct at SRF on 9-15-13 – "While on Custodial Maintenance assignment earning wages." On 9-15-13, Sunday, at 1450, in Unit 1200, a guard searched my cell and allegedly found a weapon. I was never assigned any job detail at SRF! Ever! At SRF!!! Monday thru Friday I was assigned to Career Tech, Custodial Maintenance Trade School in the 300 Building paid up to $9.20 to go to school, not a job! There was no school Sunday. I have all my call outs! And school records! CLEARLY RETALIATION violating Hawkins v. Brooks, 694 F.S. 2d 444 (2010); Bell v. Johnson, 308 F.3d 594 (6th Cir. 2002). Warden [illegible] was part of the investigation. She don't know about this! Reinstate my indigent eligibility so I can mail out regular mail. Let Mental Health deal with this problem! Y involve U!

(docket # 14-1, Page ID 108). Plaintiff's grievance did not mention Director Heyns.

The Step I response to Grievance No. ECF-13-11-2893-01i is dated December 5, 2013. It indicated that "Mental Health staff had nothing to do with Prisoner Wayne's removal from indigent status. (*Id.* at Page ID 107). "Prisoner Wayne was terminated from a CTE-CMT (Career Technical Education-Custodial Maintenance Technology assignment) on 9/25/13 as a result of being found guilty of a misconduct (029-Poss of Weapon). He received a sanction of detention status as a result of this ticket. He will not be eligible for indigent status until 9/25/14." (*Id.*).

-12-

Plaintiff filed this lawsuit on December 6, 2013, five days before plaintiff affixed his signature to his Step II appeal of Grievance No. ECF-13-11-2893-01i. (*Id.* at Page ID 106). Plaintiff's grievance was denied at Step II and he pursued an appeal to Step III. On March 11, 2014, the Grievance and Appeals entered its decision denying plaintiff's Grievance No. ECF-13-11-2893-01i against Classification Director Hasky. (*Id.* at Page ID 105).

D.    Exhaustion

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not file any grievance against defendant Heyns corresponding to the claims asserted in this lawsuit and pursue such a grievance through a Step III decision. Plaintiff did not properly exhaust any claim against defendant before he filed this lawsuit.[5]

Plaintiff's argument that MDOC's grievance process did not apply to his claims is not persuasive. A "grievant may not grieve the content of a policy . . . except as it was specifically applied the grievant." P.D. 03.02.130 ¶ F(1) (*see* docket # 9, Page ID 53). Plaintiff's facial challenge to the policy failed to state a claim upon which relief could be granted. To the extent that plaintiff is asserting claims based on the policy directive as it was specifically applied to him, it is pellucid that he was required to exhaust his claims through the MDOC's grievance process before he filed this lawsuit. *See Hudson v. Caruso*, No. 1:10-cv-58, 2011 WL 1042296, at * 8 (W.D. Mich.

---

[5]A prisoner cannot file his lawsuit first and then exhaust his administrative remedies after-the-fact. *See Garren v. Prisoner Health Servs.*, No. 11-14650, 2012 WL 4450495, at * 2 (E.D. Mich. Aug. 6, 2012); *Rhinehart v. Scutt*, No. 2-10-cv-10006, 2011 WL 679699, at * 5 (E.D. Mich. Jan. 14, 2011); *Ross v. Duby*, No. 1:09-cv-531, 2010 WL 3732234, at * 1 (W.D. Mich. Sept. 17, 2010).

Jan. 24, 2011); *Crump v. Caruso*, No. 2:09-cv-194, 2010 WL 3720068, at * 2 (W.D. Mich. Sept. 17, 2010).   I find that defendant has carried his burden on the affirmative defense and is entitled to dismissal of all of plaintiff's claims.

## Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity.  I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.  Alternatively, I recommend that defendant's motion for summary judgment (docket # 8) be granted and that all plaintiff's claims be dismissed without prejudice.


Dated:   March 9, 2015        /s/  Phillip J. Green
                              United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).